1  SEYFARTH SHAW LLP
   Michael W. Stevens (SBN 258042)
2  *mwstevens@seyfarth.com*
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:     (415) 397-2823
4  Facsimile:     (415) 397-8549

5  Attorneys for Defendant
   UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK BURGESS, RHONDA JOHNSON, LARRY LOPEZ, HOLGER MEYER, and ALAN B. MUNNS, on their own behalf as participants in certain ERISA covered pension plans and on behalf of a class of those similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>HP INC., FIDELITY MANAGEMENT TRUST COMPANY, UNITED AIRLINES, INC., and JOHN DOES 1-50.,<br><br>Defendants. | Case No. 5:16-cv-04784-LHK<br><br>**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hearing Date: December 22, 2016<br>Time: 1:30 p.m.<br>Dept.: Courtroom 8-4th Floor<br>Judge: Hon. Lucy H. Koh<br><br>First Amended Complaint Filed: September 22, 2016 |

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 22, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Jose Division, at 280 South First Street, Courtroom 8, before the Honorable Lucy H. Koh, Defendant United Airlines, Inc. ("United") will and hereby does move the Court for an order dismissing Claims IV-V in Plaintiffs' First Amended Complaint ("FAC"), and hence dismiss United from the FAC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

United moves on the basis that (1) Plaintiffs fail to state a claim for breach of fiduciary duty or prohibited transaction under ERISA because, as a matter of law, float and float interest are not plan assets and therefore cannot underlie a claim for breach of fiduciary duty or a prohibited transaction; and (2) Plaintiffs' allegations against United are wholly conclusory and lack any factual specificity, thereby failing to be pleaded adequately.

This Motion is based upon the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the motion to dismiss and supporting papers filed by Defendant Fidelity Management Trust Company, which are incorporated by reference (to the extent those papers explain that, as a matter of law, float and float interest are not plan assets that can underlie a claim for breach of fiduciary duty or a prohibited transaction under ERISA), any other related documents filed in connection with this Motion, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

DATED:  November 2, 2016                Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         By:    /s/ Michael W. Stevens
                                                Michael W. Stevens
                                                Attorneys for Defendant
                                                UNITED AIRLINES, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs bring this recycled case on a theory that two circuit courts have already discredited. Although these allegations have been rejected in the First and Eighth Circuits, Plaintiffs' counsel now tries here, attempting to state a claim that Defendants' practices violated ERISA. This Court should not allow impermissible forum-shopping. Consistent with the First and Eighth Circuits, the Court should find that float and float interest are not plan assets, and dismiss Plaintiffs' claims accordingly.

The heart of this case is how Defendant Fidelity Management Trust Company ("Fidelity"), a trustee for retirement plans for companies such as Defendant United, handled "float," which is short-term cash related to processing transactions involving investments and redemptions from mutual funds offered in 401(k) plans (and its associated interest). Plaintiffs allege that Fidelity wrongfully diverted float and retained float interest, which violated ERISA. As to Defendant United, Plaintiffs claim that United violated its fiduciary duties under ERISA, and violated the prohibited transaction provision, by failing to monitor Fidelity and prevent such activity.

All of Plaintiffs' claims founder, however, because as the First and Eighth Circuits have determined, as a matter of law, float and float interest *are not plan assets*. They therefore cannot form the basis for a breach of fiduciary duty claim under ERISA. Plaintiffs' claims must be dismissed.

To conserve judicial resources and avoid duplicative briefing, United incorporates by reference the briefing and supporting documents filed by Fidelity in its motion to dismiss, to the extent those filings explain why float and float interest are not plan assets that can form the basis of a claim for breach of fiduciary duty or a prohibited transaction. United further argues that, as against it, Plaintiffs' allegations are wholly conclusory and lack any factual specificity. The complaint is thus inadequately pleaded and should also be dismissed on that basis. Because no amendment can cure these defects — and pleading additional facts would only cause further harm to Plaintiffs' case — dismissal should be with prejudice.

### II. FACTUAL BACKGROUND

The relevant facts regarding this litigation, and its predecessors in the First and Eighth Circuits, are set forth in detail in Fidelity's motion to dismiss. For United's purposes, the following facts are

most salient, as recited by Plaintiffs in their FAC (Dkt. 16).  Although Plaintiffs make substantial factual errors in their FAC that will need to be corrected if this case proceeds, for the purposes of a motion to dismiss, United, as it must, accepts the factual allegations as pleaded.

Fidelity is the trustee for the United Airlines Inc., 401(k) Plans Master Trust.  FAC ¶ 6.  The Master Trust holds all the assets for the UAL Ground Plan, which is an employee pension benefit plan governed by ERISA.  *Id.* ¶¶ 4, 6.[1]  The UAL Ground Plan provides retirement benefits to employee participants by allowing them to contribute funds and receive matching employer contributions.  *Id*. ¶ 4.

Large volumes of cash move through retirement plans in the form of, *inter alia*, contributions and sales of investments.  *Id.* ¶ 2.  Fidelity, as Trustee, would facilitate the purchase of mutual fund shares at the direction of Plan participants and facilitate the transfer of payments from mutual funds to participants who choose to withdraw funds from the Plan.  *Id.* ¶ 35.  Plaintiffs basically allege that during the short window periods when cash going either into or out of the Plan has yet to be transferred, Fidelity invested that cash  (the "float") and used the proceeds (the "float income" or float interest) for its own benefit.  *Cf. id.* ¶¶ 1-2, 16.  Plaintiffs allege that these transactions could have been cleared through cash management accounts set up for the benefit of the plan and participants.  *Id*.  This is the crux of Plaintiffs' allegation of wrongdoing — that Fidelity improperly diverted the float and retained the float interest.

Plaintiffs allege, without any detail or specificity, that United failed to conduct a reasonable investigation of Fidelity's practices with regard to float and float interest, failed to monitor Fidelity's actions to detect the purported wrongdoing, and failed to take steps to prevent Fidelity's alleged misconduct.  *Id.* ¶¶ 18, 78, 84.  Those alleged failures form the bases of Plaintiffs' claims that United breached its fiduciary duty under ERISA § 404(a), and permitted a prohibited transaction to take place under § 406(a).  *Id.* ¶ 118, 124.

III.   **STATEMENT OF ISSUES TO BE DECIDED**

1.   Whether claims IV and V against United must be dismissed because float and float interest are not plan assets that can underlie a claim for breach of fiduciary duty or prohibited

---

[1] Technically, the UAL Ground Plan recently was merged with two other United plans to form the United Airlines 401(k) Savings Plan.  Again, United will work with the facts as alleged.

transaction; and

2. Whether claims IV and V against United must be dismissed because they are wholly conclusory and have not been adequately pleaded.

## IV. LEGAL STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) is required when the plaintiff has failed to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide the grounds for [their] entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). The Court may also reject "bare assertions," and "bald allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[C]onclusory allegations that merely recite the statutory language are [not] adequate." *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644, 645 (9th Cir. 2014) (affirming dismissal of inadequately pleaded complaint).

## V. ARGUMENT

### A. Float And Float Interest Are Not Plan Assets And Therefore Cannot Underlie A Claim For Breach Of Fiduciary Duty Or Prohibited Transaction

United incorporates by reference Fidelity's motion to dismiss and its supporting papers. Fidelity outlines in full detail the factual and legal predicates explaining why, as a matter of law, float and float interest are not plan assets. Because the funds at issue in this litigation are not plan assets subject to ERISA regulation, as Fidelity noted in its motion to dismiss, no prohibited transaction occurred. United thus could not have engaged in (or failed to prevent) a prohibited transaction. Hence, Plaintiffs' claims against United in their Fifth Claim for Relief fail as a matter of law.

Likewise, Plaintiffs' Fourth Claim for Relief alleging United somehow breached its fiduciary (or co-fiduciary) duties as to float and float income similarly fall short. The gravamen of Plaintiffs' allegation is that United did not properly monitor and restrict Fidelity's management and control over the float and float income. Yet, given float and float income have been found not to be a Plan asset, United can no more be considered to have fiduciary responsibilities as to float and float income than Fidelity did in *In re Fidelity ERISA Float Litig. ("Kelley II")*, 829 F.3d 55, 62 (1st Cir. 2016) (rejecting the claim that the cash should be treated as a plan asset for the purpose of enforcing fiduciary

3

responsibilities under ERISA). Plaintiffs' fiduciary duty claims against United must be dismissed as a matter of law.

### B. Plaintiffs' Claims Against United Are Wholly Conclusory, Lack Any Factual Specificity, And Fail To Be Adequately Pleaded

Even if Plaintiffs' legal theory had any merit (which it does not), Plaintiffs have failed to state a claim by utterly failing to plead any specific facts sufficient to show what United did or did not do. As the Supreme Court explained in *Twombly*, "[f]actual allegations must be enough to raise a right to relief *above the speculative level* . . . on the assumption that all of the complaint's allegations are true." 550 U.S. at 555 (emphasis added).

Here, Plaintiffs have offered *only* conclusory allegations about United's supposed misconduct in failing to adequately monitor Fidelity. In a complaint that exceeds 126 paragraphs, there are only three that pertain *directly* to United's activity (or inactivity), and even those are wholly conclusory:

> The HP and UAL Defendants were also fiduciaries for the HP and UAL Plans, respectively, and were or should have investigated, learned of and put a stop to [sic] been aware of Fidelity's division of cash from the Plans and from its management of plan transactions. Moreover, the HP and UAL Defendants should have taken steps to prevent Fidelity from keeping the float income, and should have instead caused Fidelity to credit the float income to the HP and UAL Plans and/or the participants in those plans, or to otherwise reimburse the HP and UAL Plans for the use of billions of dollars in cash. But the HP and UAL Defendants did nothing to prevent Fidelity's misconduct. The failure of the HP and UAL Defendants amounted to a breach of the duty of prudence under ERISA § 404, 29 U.S.C. § 1104, as well as breach of their co-fiduciary duties under ERISA § 405, 29 U.S.C. § 1105. . . .

> The HP and UAL Defendants failed to undertake a reasonably thorough investigation of Fidelity's actions and compensation with respect to its management of the Plans and control over assets of the Plans. Even after the initial selection of Fidelity, the HP and UAL Defendants failed to monitor and supervise Fidelity in connection with Fidelity's management and use of the Plans' cash assets to the detriment of the Plans' participants. . . . In addition, because of Fidelity's failure to provide sufficient information about the use of the Plans' cash assets and management of Plan transactions, the HP and UAL Defendants have *a fortiori* failed to obtain sufficient information from Fidelity to appropriately assess the amount of Fidelity's compensation in relation to the services being provided. . . .

> HP's and UAL's failure to obtain sufficient information from Fidelity to thoroughly understand the nature and extent of Fidelity's compensation allowed Fidelity to conceal the amount of its compensation and to continue to receive excessive compensation in relation to the services provided for years . . .

4

FAC ¶¶ 18, 78, 84.  Those three paragraphs provide the *most* detail of any factual allegation against United, and yet all they do is assert, without any specificity, that United failed to monitor Fidelity's actions or take actions to stop Fidelity.

As this Court is aware, such boilerplate allegations are insufficient to survive Rule 12.  *See, e.g.*, *Nalbandian v. Lockheed Martin Corp.*, No. 10-cv-1242, 2011 WL 338809 (N.D. Cal. Feb. 1, 2011) (Koh, J.).  In *Nalbandian*, this Court considered allegations of breach of fiduciary duty under ERISA, finding that Plaintiffs' allegations that the defendant "repeatedly, substantially, systematically and willfully violated their fiduciary responsibilities" failed to meet Rule 12 standards.  *See id.* at *4.  Dismissal was required because "Plaintiffs make no specific allegations as to what fiduciary obligations Defendants violated *or how Defendants violated those obligations*."  *Id.* (emphasis added).

The same result is compelled here.  Plaintiffs' allegations against United lack any factual specificity, and are nothing more than legal conclusions about United's purported failure to adequately monitor and control Fidelity's actions.  Their allegation of United's failure to monitor is the quintessential recitation of the elements of a cause of action, and absent factual allegations, this Court need not lend it any credence.  Plaintiffs pleaded nothing about the contents of relevant documents, the proceedings at relevant meetings, or any other conceivable basis which might provide evidence of Plaintiffs' allegations (which Plaintiffs cannot do anyway, as their allegations have no basis in fact).  Having failed to plead any *facts* related to United's purported failure to monitor, Plaintiffs' claims against United must be dismissed.

## VI.   CONCLUSION

By this action, Plaintiffs' counsel has attempted to impermissibly avoid the previous rulings of two other circuit courts.  As a matter of law, Plaintiffs' claims fail because float and float interest are not plan assets, and therefore cannot form the basis of an ERISA claim either for breach of fiduciary duty or prohibited transaction.  Further, Plaintiffs' claims against United are nothing but conclusory allegations lacking any factual specificity, and are hence subject to dismissal.  Because Plaintiffs cannot plead further facts in support of their allegations, and amendment would therefore be futile, their claims against United should be dismissed with prejudice.

5

| | | |
|---|---|---|
| 1 | DATED:  November 2, 2016 | Respectfully submitted, |
| 2 | | SEYFARTH SHAW LLP |
| 4 | | By:   /s/ Michael W. Stevens |
| 5 | | Michael W. Stevens<br>Attorneys for Defendant<br>UNITED AIRLINES, INC. |

6

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On November 2, 2016, I served the within document(s):

**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; [PROPOSED] ORDER**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ electronically by using the Court's ECF/CM System.

Todd M. Schneider
tschneider@schneiderwallace.com
Mark T. Johnson
mjohnson@schneiderwallace.com
Kyle G. Bates
kbates@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

Nicole A. Diller
ndiller@morganlewis.com
Roberta H. Vespremi
rvespremi@morganlewis.com
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Donald Lawrence Havermann
dhavermann@morganlewis.com
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Randall W. Edwards
O'Melveny & Myers
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 2, 2016, at San Francisco, California.

_____
Lisa Rivers